CARL MICHEL and AMERICAN SURETY CO. v.
WM. McG. BROOKS, *et ux*.

151 So. 9.
Division A.
Opinion Filed November 17, 1933.

*Ross Williams* and *Harry Nehan,* for Petitioners;
*Charles A. Morehead,* for Respondents.

DAVIS, C. J.—The Civil Court of Record of Dade County, in a distress for rent proceeding, directed a verdict for plaintiff upon which judgment was entered against the defendant for the sum of $204.62 with costs. Prior to the trial the Civil Court of Record Judge sustained a demurrer to a special defense attempted to be asserted by counter-affidavit. This defense, in substance, was that plaintiff had failed and refused to keep an oral promise to keep the demised premises in repair, in consequence of which the tenant had abandoned same, *which abandonment the landlord had accepted* by reassuming possession and undertaking himself to thereafter enjoy the use and occupation of the demised premises.

Upon appeal to the Circuit Court the directed verdict and judgment for plaintiff were sustained by a judgment affirming that portion of the judgment, although it was reversed in another particular not here necessary to mention. Certiorari was granted to bring up the judgment of affirmance entered by the circuit court.

Our conclusion is that the circuit court in affirming the judgment of the civil court of record did not proceed according to the essential requirements of the law in that it affirmed the civil court of record's denial of a jury trial to defendant on the proposition whether or not the rent sued for was due under the circumstances attempted to be pleaded and appearing in the evidence, namely, defendant's alleged abandonment of the premises for plaintiff's failure to perform an oral promise to keep the premises in fit condition *coupled with* the landlord's implied acceptance of the alleged abandonment through the acts of the landlord in reoccupying

the premises and dealing with same in a manner wholly inconsistent with a mere reassumption of possession for care and protection under the doctrine of Hickson v. Barton, 77 Fla. 105, 80 Sou. Rep. 745.

The alleged oral agreement referred to in the defendant's pleadings, as we understand it, was by the tenant set up, not as a legal justification of his abandonment of the written lease containing no such covenant, but simply a matter of inducement to show why he (the tenant) had abandoned the premises which he claimed plaintiff had thereafter accepted the abandonment of. As a legal justification *per se* for abandonment of the written lease, it would have to be cenceded that an oral promise of the kind mentioned might not be relied on in a case where the lease itself was in writing and contained no mention of a covenant on that subject. But as a mere matter of inducement it was permissible to allege and prove it.

So the *gist* of the defense was an accepted abandonment. Such abandonment, it is alleged, was because of non-compliance with the landlord's oral promise. Such oral promise, while it might not have been any legal justification for an abandonment *without* the landlord's acceptance or consent, was nevertheless sufficient to discharge the lease if the landlord, after acknowledging that he has made such an oral argument, has acted on the tenant's actual abandonment for its violation, and has accepted it by reassuming possession of the premises and dealing with them as if the written lease were no longer in effect.

Proceedings in distress for rent under Sections 5423, C. G. L., 3559 R. G. S., to 5430 C. G. L., 3566 R. G. S., are intended to be summary and informal, but in accordance with established principles of the law governing the rights and relations between landlord and tenant. Where it ap-

pears that a distress proceeding has been had in accordance with said sections of the statutes but that it was not conducted, tried and judgment rendered in it in accordance with the essential requirements of law applicable to the claim sued for, and for which judgment has been rendered, an affirmance by the circuit court of a judgment for rent so recovered in a civil court of record, when not in accordance with the essential requirements of law, should be. quashed.

Judgment of the circuit court affirming judgment of civil court of record quashed.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent and not participating on account of illness.